IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| LINDSEY JOHNSON, | |
| Plaintiff, | |
| v. | 2:23-CV-154-Z-BR |
| BRAUMS INC., | |
| Defendant. | |

**ORDER**

Before the Court is the Magistrate Judge's Findings, Conclusions, and Recommendations ("FCR") (ECF No. 63), filed May 27, 2025, concerning Defendant's Motion for Summary Judgment. Defendant filed objections to the FCR ("Objections") (ECF No. 64) on June 10, 2025. Having considered the Magistrate Judge's FCR, the relevant law, briefing, and the Objections, the Court **OVERRULES** Defendant's Objections and **ADOPTS** the Magistrate Judge's FCR. Accordingly, Defendant's Motion for Summary Judgment at ECF No. 39 is **DENIED**.

BACKGROUND

The Magistrate Judge well recounted the case's factual and procedural background. *See* ECF No. 63 at 1–3. Plaintiff filed suit against Defendant, alleging discrimination in violation of the Americans with Disabilities Act and the Texas Commission of Human Rights Act. ECF No. 1 at 3–4. Defendant hired Plaintiff in November 2019, knowing of her latex allergy. ECF No. 57 at 8, 13. Plaintiff experiences breathing impairment and other allergy symptoms if she contacts latex. *Id.* at 29–30. She takes an over-the-counter antihistamine or administers an epinephrine autoinjector to alleviate the allergic reaction. *Id.* at 10. Defendant made workplace accommodations to prevent Plaintiff's contact with latex. It provided nonlatex gloves, permitted long-sleeve shirts, and implemented heightened cleaning

1

protocols before Plaintiff's shift. *Id.* at 6, 13, 17, 71. And some evidence indicates Defendant instructed its employees not to touch Plaintiff for fear of transferring latex. *Id.* at 45. Nevertheless, Plaintiff contacted latex at least three times while Defendant employed her and experienced allergic reactions. *Id.* at 1–13, 37–44, 50–63; ECF Nos. 45-1 at 28–32, 57 at 14–15, 64–65. Defendant terminated Plaintiff's employment in May 2020, explaining it was concerned for her safety. ECF Nos. 57 at 26, 57-1 at 19–22.

Defendant filed its Motion for Summary Judgment on December 16, 2024. ECF No. 39. Plaintiff responded on January 12, 2025. ECF No. 44. And Defendant replied on January 27, 2025. The District Court referred the Motion for Summary Judgment to the Magistrate Judge for a Findings, Conclusions, and Recommendation on March 19, 2025. ECF No. 49.

LEGAL STANDARD

I. Objections to a Magistrate Judge's Recommendation on a Dispositive Order

After a magistrate judge serves a copy of her findings and recommendations on both parties, a party "may serve and file specific written objections to the proposed findings and recommendations" within 14 days. FED. R. CIV. P. 72(b)(2). At that point, the "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3); *see also Davidson v. Ga.-Pac., L.L.C.*, 819 F.3d 758, 762 (5th Cir. 2016) ("[R]ulings by a magistrate judge on dispositive matters—motions to dismiss and for entry of summary judgment being the common examples—are mere recommendations subject to *de novo* review when properly challenged by the losing party.") (citing 28 U.S.C. § 636(b)(1)). The district judge "may accept, reject, or modify the recommended disposition" based on his review of the magistrate judge's findings and recommendation. FED. R. CIV. P. 72(b)(3).

## II. Summary Judgment

Summary judgment is appropriate if the movant shows there is no genuine dispute of material fact, and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The moving party bears the initial burden of demonstrating both. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine dispute of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact dispute is material if it would affect the suit's outcome under the governing law. *Id.* "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp.*, 477 U.S. at 322–25). The court views evidence for summary judgment in the light most favorable to the party opposing summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The court draws all reasonable factual inferences in favor of the nonmovant. *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985). But to establish a true controversy, the nonmovant must show more than "some metaphysical doubt as to the material facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting *Matsushita*, 475 U.S. at 586). The nonmovant may not rely on "conclusory allegations," "unsubstantiated assertions," or "only a scintilla of evidence" to create a factual dispute and preclude summary judgment. *Id.* (internal quotations omitted).

ANALYSIS

Defendant objects "to the entirety of the Magistrate Judge's FCR and disagrees with the denial of its Motion for Summary Judgment." ECF No. 64 at 1. But Defendant specifically objects on three different points. *Id.* First, Defendant objects "to the FCR's recommendation to overrule Defendant's objection to Plaintiff's use of the [EEOC] letter of determination as

an exhibit to the summary judgment record." *Id.* Second, Defendant objects "to the FCR's characterization of the reasonable accommodations [Defendant] provided to Plaintiff— namely, the FCR suggests that [Defendant] did not have policies in place to prevent its employees from touching Plaintiff with latex." *Id.* Finally, Defendant objects "to the FCR's conclusion that a reasonable factfinder could find that accommodations other than providing Plaintiff with a latex free environment would have prevented Plaintiff from experiencing allergic reactions at work." *Id.* at 1–2. The Court addresses Defendant's three specific objections. *See Thompson v. Bumpas*, No. 4:22-CV-640, 2022 WL 17585271, at *1 (N.D. Tex. Dec. 12, 2022) ("[A] generalized objection to the FCR in its entirety does not constitute a specific, written objection within the meaning of Rule 72(b).").

### I. Objection 1: The Magistrate Judge's Inclusion of the EEOC Determination Letter

Defendant objects to the Magistrate Judge's recommendation that "Defendant's objection [to including the EEOC determination letter in the summary judgment record] be overruled, and that the presiding United States District Judge allow the EEOC letter to remain on the record." ECF No. 63 at 7. Defendant reiterates the two cases it argues support excluding the EEOC determination letter. ECF No. 64 at 4 (citing *Price v. Fed. Express Corp.*, 283 F.3d 715 (5th Cir. 2002); *Bynum v. Fort Worth Indep. Sch. Dist.*, 41 F. Supp. 2d 641 (N.D. Tex. 1999)); ECF No. 63 at 6 (explaining Defendant argued the same cases in its original objection). And Defendant explains that it is confused why the FCR did not recommend exclusion. ECF No. 64 at 4 ("The FCR is less than clear as to why the Court declines to exclude the letter.").

The FCR clearly explains its correct reasoning. First, it examined Defendant's cited cases and why they do not stand for the proposition Defendant advances: EEOC determination letters must not be considered. ECF No. 63 at 6–7. In *Price v. Federal Express*

*Corp.*, the Fifth Circuit held a district court did not err when it did not find an EEOC determination letter dispositive to the issue it addressed. 283 F.3d 715, 725 (5th Cir. 2002). This holding does not dictate that a court may not consider an EEOC determination letter, contrary to the reason Defendant cites it. And, contrary to Defendant's characterization, *Price* did not hold the EEOC letter "was not probative." ECF No. 64 at 4. It implied the opposite. *See Price*, 283 F.3d at 725 ("[T]here is not evidence in this case indicating that the district judge *ignored* the EEOC's letter . . . ." (emphasis in original)). The Magistrate Judge properly read *Price* to hold that EEOC determination letters are not dispositive—but may be probative. Defendant's second case is no better. In *Bynum v. Fort Worth Independent School District*, this district held an EEOC determination letter *alone* could not create a genuine issue of material fact when nothing else in the record rases "an issue of material fact that would prevent the grant of summary judgment." 41 F. Supp. 2d 641, 657 (N.D. Tex. 1999). To hold otherwise would prevent granting defendants summary judgment anytime "an EEOC investigator has made unfounded determinations of discrimination." *Id.* at 658. This holding fits nicely with the Fifth Circuit's holding in *Price*. The Magistrate Judge properly read *Bynum*.

EEOC determination letters are not dispositive and, standing alone, cannot create a genuine dispute of material fact. But unlike Defendant's contention, neither case requires exclusion of an EEOC determination letter. That is why the Magistrate Judge "agree[d] with Defendant's reasoning" describing these cases but explained that its reasoning did "not support the relief Defendant has requested." ECF No. 63 at 7. That is simply because holding an EEOC determination letter to not be dispositive or sufficient evidence alone states nothing about whether or not it can be considered or whether it is probative. The Magistrate Judge correctly explained that the "findings of the EEOC are not binding on this Court, but neither

5

is the Court prohibited from considering them." *Id.* And the Magistrate Judge notes that a trial determination of its admissibility may be different. *Id.* Finally, the Magistrate Judge made clear her "FCR does not turn on any facts established by the EEOC determination letter" and that if this Court excludes it "the remaining recommendations in this FCR will not be impacted." *Id.*

Defendant has offered nothing to explain why this Court must exclude the EEOC determination letter from consideration, aside from two cases that each imply a court *can* consider an EEOC determination letter provided it does not consider it dispositive either way. Without legal argument as to why the EEOC determination letter must be excluded, Defendant's objection is **OVERRULED**.

### II. Objection 2: The Magistrate Judge's Suggestion That Braum's Did Not Prevent Its Employees from Touching Plaintiff

Second, Defendant objects that the Magistrate Judge suggests "it may have been sufficient for Defendant to prevent its own employees from touching Plaintiff or her apparel while wearing latex gloves." ECF Nos. 63 at 19, 64 at 5–6. Defendant contends it did instruct its employees to avoid touching Plaintiff with latex. ECF No. 64 at 5 (citing ECF Nos. 40, 57). Defendant "asks the Court to further consider the evidence provided on summary judgment" to "the extent the Magistrate Judge's conclusion on [Defendant's] direct threat defense hinges upon the mischaracterization that [Defendant] did not try to prevent its employees from touching Plaintiff with latex or that those efforts may eliminate a direct threat to Plaintiff." *Id.* at 6.

Defendant's first cite to support that it gave "specific instruction to its employees to avoid touching Plaintiff with latex" does not support its assertion. ECF No. 64 at 5 (citing ECF No. 40 at 22 (detailing Defendant's efforts to accommodate Plaintiff but not mentioning explicit instructions not to touch Plaintiff)). But Defendant's second cite provides some

6

evidence that Defendant instructed its employees not to touch Plaintiff. ECF No. 57 at 45. Ms. Kuehler, District Manager over the Braum's where Plaintiff worked, testified that Defendant's "employees . . . were encouraged . . . to not touch [Plaintiff]." *Id.* Of course, this remark from Ms. Kuehler does not *conclusively establish* that Defendant formally instructed all employees not to touch Plaintiff beyond a genuine dispute. Rather, it is indistinct because it indicates that "employees especially behind the line were encouraged" not to do so. ECF No. 57 at 45. However, the Court agrees that it provides *some* suggestion that Defendant may have formally instructed its employees not to touch Plaintiff. Thus, the Magistrate Judge's comment is incorrect only to the extent it suggests that Defendant took *no* action to prevent its employees from touching Plaintiff with latex gloves.

But this stray suggestion does not affect the FCR's recommendation on Defendant's direct threat defense. The Magistrate Judge merely offered an example of what a potential reasonable accommodation may have been. The FCR's determination on the defense did not hinge on this one example. Instead, the FCR found that a reasonable factfinder could find that a "reasonable accommodation would have mitigated the threat posed by Plaintiff's allergy." ECF No. 63 at 19. Each time Plaintiff experienced an allergic reaction to latex, it resulted from contact with latex. *See* ECF Nos. 45-1 at 32, 57 at 14–15, 50–65, 57-1 at 1–13, 37–44. Defendant argues that no reasonable accommodation existed but eliminating latex from its entire supply chain. But such a drastic view ignores that a reasonable factfinder could conclude a lesser accommodation may be present based on the evidence presented. The evidence highlights the accommodations Defendant did take. But it does not establish— beyond a genuine dispute—that literally no other reasonable accommodations were available. That is a high bar. And Defendant bears the burden to establish the direct threat defense. *See Hernandez v. W. Tex. Treasures Estate Sales, L.L.C.*, 79 F.4th 464, 470 (5th Cir. 2023) ("Further, as with all affirmative defenses, the employer bears the burden of proving

7

that the employee is a direct threat." (internal quotation omitted)). One comment suggesting some encouragement to not touch Plaintiff or her apparel does not clear this bar such that no reasonable factfinder could find otherwise. The FCR and this Court do not contest that Defendant may have a compelling case at trial. But it is for trial, as room remains for a factfinder to disagree. The Court **OVERRULES** Defendant's objection because the direct threat defense does not hinge on one example from the Magistrate Judge, contradicted by one indefinite comment in a deposition.

### III. Objection 3: The Magistrate Judge's Conclusion That an Accommodation Other Than a Latex Free Environment Would Have Prevented Plaintiff from Experiencing Allergic Reactions at Work

Finally, Defendant objects to the FCR's determination that a "reasonable factfinder could conclude that 'less extreme accommodations' would have prevented Plaintiff from experiencing allergic reactions in the workplace merely because there was no evidence that Plaintiff experienced allergic reactions due to latex exposure through customer contact or contact with" something else in Defendant's chain of supply. ECF No. 64 at 7 (quoting ECF No. 63 at 22). Defendant argues that any potential accommodation would present it with an undue hardship and thus it did not violate the ADA when it terminated her. *Id.* Defendant contends that it took steps to accommodate Plaintiff, but she still experienced reactions to latex. *Id.* Thus, in Defendant's mind, "the only realistic accommodation would have been to provide Plaintiff with an entirely latex-free environment." *Id.*

Defendant's evidence does not conclusively establish that leap. The Court agrees that Plaintiff experienced "*risk of exposure*" even without evidence that some of her reactions came from customer contact or contact with something in the supply chain that touched latex. ECF No. 64 at 8 (emphasis in original). But at summary judgment, the inquiry is not hypothetical risks but instead what the evidence demonstrates. And Defendant offers no evidence that demonstrates that the only remaining solution for it was to eliminate latex from its entire

8

supply chain and prevent customers with latex gloves from entering the store. If Plaintiff had suffered a reaction from something in the supply chain or a customer carrying latex, then that would be at least evidence suggesting that was the only remaining accommodation. But Defendant asks the Court to leap from the accommodations it provided to the most extreme accommodation possible. To prevail at summary judgment on an undue hardship defense, Defendant must demonstrate that the evidence proves no other reasonable accommodation was available. Instead, Defendant asks the Court to make that leap based on its inferences.

Even if fully eliminating latex from its supply chain and preventing customers wearing latex gloves from entering the store were the only accommodation, Defendant bears the burden of proving that it would be an undue burden. *See Riel v. Elec. Data Sys. Corp.*, 99 F.3d 678, 682 (5th Cir. 1996). Of course, Defendant would likely have a strong case for that—if it had made it. But it did not. As the FCR correctly notes, 42 U.S.C. Section 12111 defines an "undue hardship" as an accommodation "requiring significant difficulty or expense, *when considered in light of the factors set forth*." 42 U.S.C. § 12111(10)(A) (emphasis added). Those factors "to be considered" are the nature of the accommodation; the facility's overall financial resources, number of employed people, effect on expenses and resources, and impact of the accommodation; the overall entity's financial resources, size of business, and number, type, and location of facilities; and finally the type of operation of the entity including its composition, structure, functions, geographic separateness, and other elements. *See id.* §12111(10)(B)(i)–(iv). The FCR notes that "Defendant has not provided evidence sufficient to evaluate the cost of the accommodations [it] suggest[s] would impose undue hardship" and the other required factors. ECF No. 63 at 21. Defendant does not contest that it failed to provide this required evidence. Thus, even if the FCR is incorrect that a reasonable factfinder could find other reasonable accommodations may exist other than Defendant's feared extreme one, Defendant did not provide sufficient evidence as required by statute to

9

show the feared accommodation presented an undue burden. Thus, the FCR correctly held Defendant has not prevailed on its defense and summary judgment is precluded. Accordingly, Defendant's objection is **OVERRULED**.

### CONCLUSION

All of Defendant's objections to the Magistrate Judge's Findings, Conclusions, and Recommendations are overruled. The Court **ADOPTS** the Magistrate Judge's Findings, Conclusions, and Recommendations. Accordingly, Defendant's Motion for Summary Judgment (ECF No. 39) is **DENIED**.

**SO ORDERED.**

July __, 2025

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE